BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
COLIN S. SCOTT (Cal. Bar No. 318555)
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3159/5748
     Facsimile: (213) 894-0141
     E-mail:    colin.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>        v.<br><br>Zheng et al.,<br><br>   Defendant. | No. 24-CR-00761<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** October 14, 2025<br>**PROPOSED TRIAL DATE:** December 16, 2025 |
|---|---|

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Colin S. Scott and Amanda B. Elbogen, and defendant Daniel Acosta Hoffman ("defendant"), both individually and by and through his counsel of record hereby stipulate as follows:

1. The Indictment in this case was made public on January 24, 2025. Defendant Daniel Acosta Hoffman first appeared before a judicial officer of the court in which the charges in this case were pending on January 24, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 4, 2025.

2. Defendant Weijun Zheng is a fugitive.

3. On January 24, 2025, the Court set a trial date of March 18, 2025 for Daniel Acosta Hoffman.

4. Defendant Daniel Acosta Hoffman is released on bond. The parties estimate that the trial in this matter will last approximately fourteen days. All defendants are joined for trial and a severance has not been granted.

5. The Court has previously continued the trial date in this case from March 18, 2025 to October 14, 2025, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

6. By this stipulation, defendant moves to continue the trial date to December 16, 2025, the pretrial conference date to December 1, 2025, and the deadline for all motions in limine and notices required by Rule 12, Rule 12.1, and 12.2 of the Federal Rules of Criminal
until November 3, 2025. This is the second request for a continuance.

7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

1         a.    Daniel Acosta Hoffman is charged with a violation of
2 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 549: Breaking Custom Seals;
3 and 18 U.S.C. § 545: Smuggling.  Discovery in this complex case is
4 voluminous.  The government has produced over 4,000 files including
5 over 22,000 pages of materials related to this investigation
6 including law enforcement reports, customs documents, photographs,
7 and other materials including digital devices seized from the
8 conspirators.
9         b.    Due to the nature of the prosecution and the number of
10 defendants including the charges in the indictment and the voluminous
11 discovery produced to defendants, this case is so unusual and so
12 complex that it is unreasonable to expect adequate preparation for
13 pretrial proceedings or for the trial itself within the Speedy Trial
14 Act time limits.
15         c.    Defense counsel for Daniel Acosta Hoffman is presently
16 scheduled to be in a single defendant continuing criminal enterprise
17 and drug conspiracy trial in <u>United States v. Jesus Felix Jr</u>, 2:12-
18 cr-00527-GW, on August 12, 2025, which is expected to last 6 days; an
19 eight defendant drug distribution and conspiracy trial in <u>United
20 States v. Carlos Carillo Saucedo</u>, 2:24-cr-00472-SVW, on September 16,
21 2025, which is expected to last four days, and a two defendant drug
22 distribution trial in <u>United States v. Felix Villanuega Sanchez</u>,
23 2:25-cr-00047-DSF, on October 7, 2025, which is expected to last
24 three days.
25 //
26 //
27
28

3

1               d.    In light of the foregoing, counsel for defendant also
2    represents that additional time is necessary to confer with
3    defendant, conduct and complete an independent investigation of the
4    case, conduct and complete additional legal research including for
5    potential pre-trial motions, review the discovery and potential
6    evidence in the case, and prepare for trial in the event that a
7    pretrial resolution does not occur.  Defense counsel represents that
8    failure to grant the continuance would deny him reasonable time
9    necessary for effective preparation, taking into account the exercise
10   of due diligence.
11              e.    Defendant believes that failure to grant the
12   continuance will deny him continuity of counsel and adequate
13   representation.
14              f.    The government does not object to the continuance.
15              g.    The requested continuance is not based on congestion
16   of the Court's calendar, lack of diligent preparation on the part of
17   the attorney for the government or the defense, or failure on the
18   part of the attorney for the Government to obtain available
19   witnesses.
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28   //

8. For purposes of computing the date under the Speedy Trial Act by which Defendant Daniel Acosta Hoffman trial must commence, the parties agree that the time period of October 14, 2025 to December 16, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//
//
//
//
//
//

1      9.   Nothing in this stipulation shall preclude a finding that
2 other provisions of the Speedy Trial Act dictate that additional time
3 periods be excluded from the period within which trial must commence.
4 Moreover, the same provisions and/or other provisions of the Speedy
5 Trial Act may in the future authorize the exclusion of additional
6 time periods from the period within which trial must commence.
7      IT IS SO STIPULATED.

Dated: May 30, 2025                Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division


       /s/
COLIN S. SCOTT
AMANDA B. ELBOGEN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/s/ (with email authorization)
RICHARD W. RAYNOR
Attorney for Defendant
Daniel Acosta Hoffman

I am Daniel Acosta Hoffman's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than December 16, 2025 is an informed and voluntary one.

_____  May 31, 2025
RICHARD W. RAYNOR            Date
Attorney for Defendant
Daniel Acosta Hoffman

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 16, 2025. I understand that I will be ordered to appear in Courtroom 9A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 16, 2025 at 8:30 a.m.

_Daniel Acosta Hoffman_         May 31, 2025
Daniel Acosta Hoffman (May 31, 2025 10:39 PDT)
Daniel Acosta Hoffman            Date
Defendant